[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, J K Associates, Inc., has moved this court to dissolve a lis pendens filed in the land records of the town of Ellington on a parcel of land on Egypt Road comprising of approximately 35 acres.
A hearing on the defendant's motion was held on September 19, 1999. The court, based upon the evidence presented, finds the following facts. On or about June 3, 1998, the plaintiff, Gloria Coles, entered into a purchase and sale agreement with the defendant for the conveyance of certain real estate in the town of Ellington of approximately 34.71 acres. The property described in the purchase and sale agreement did not include the house and 3.56 acres located at the southeast corner of the property. The excluded property was the residence of the plaintiff. Attached to the purchase and sale agreement and referred to as Exhibit A was a conceptional subdivision layout created by Gardner and Peterson Associates dated January 7, 1992. This layout showed the general location of the entire parcel relative to the surrounding roads as well as a 32 lot subdivision layout which layout numbered the individual lots. The purchase and sale agreement stated that the plaintiff would convey to the defendant "the real property and all appurtenances thereto, set forth and described in Exhibit "A" annexed hereto and made a part hereof (excluding the existing house and house lot noted as Lot # 1 and 2 on Exhibit "A" located CT Page 12982 at Egypt Road, Ellington, CT.)" See Plaintiff's Exhibit A. Also included with the purchase and sale agreement as part of the addendum was a listing by lot number of the square footage of each lot, the frontage, and the soil types as well as other notes and ledgers. The addendum indicates that lots 1 and 2 contain 3.56 acres.
The defendant sought land use approvals for a subdivision plan from the appropriate town boards and commissions and on September 28, 1998, he received the necessary approvals. The plan that was approved differed from the plan described in the purchase and sale agreement in a number of ways. The major difference between the contract plan and the approved plan is that the northern border of the plaintiffs property is shown farther south on the approved plan. This resulted in the plaintiff being left with 2.959 acres rather than 3.56 acres. The uncontroverted testimony of the plaintiff is that she was never given a copy of the approved plan, she was unaware of any drawings and no one discussed the differences with her prior to the closing [in November of 1998].
At the closing, a property description prepared by the defendant was produced which described the parcel that the defendant was purchasing as being in accordance with the town approved plan. At that closing the plaintiff asked the defendant whether or not she was retaining lots 1 and 2 and was assured that she was.
In late December 1998, the defendant's agent took down certain trees and stone walls that were on the 3.56 acres that the plaintiff thought she had retained. When she contacted the defendant, he advised her that "she didn't even have three acres." In response to these events the plaintiff filed a complaint seeking reformation of the deed, and other counts claiming that the deed, as recorded, is inconsistent with the agreement she signed with the defendant. The plaintiff does not seek recission of the sale of the entire parcel. However, the plaintiff filed a lis pendens on the entire parcel that was actually conveyed to the defendant which contained 34.71 acres. What the plaintiff is actually seeking is a reconveyance to her of approximately .601 acres (3.56 acres as set forth in the purchase and sale agreement minus 2.959 acres actually retained by the plaintiff).
The court finds that the plaintiff has sustained her burden CT Page 12983 of proving that there is probable cause to believe that judgment will be rendered in her favor in this matter with respect to that .601 acres. Thus, the lis pendens should be limited to that area. The plaintiff is ordered to release the lis pendens with respect to the defendant's property with the exception of the approximate .601 acres within thirty days of the date of this decision. If the parties cannot agree on the property description that releases all but the .601 acres, the plaintiff shall file a motion for approval of the description.
The defendant's motion is granted in part in accordance with the findings and orders of this court.
Zarella, J.